IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**KENNETH SULLIVAN, #038790**

 **Plaintiff,**

vs.             **CASE NO. 4:14cv541-RH/CAS**

**COLLETT, Food Service Director,
et al.,**

 **Defendant.**
_____/

## AMENDED REPORT AND RECOMMENDATION and ORDER

  In an order filed on October 16, 2014, Plaintiff's motion for in forma pauperis status was granted. Docs. 2, 4. Plaintiff was directed to submit an initial partial filing fee in the amount of $3.78 by November 17, 2014, and the agency having custody of Plaintiff was required to forward the balance due of the filing fee in monthly payments from Plaintiff's account, pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). Doc. 4. Plaintiff was advised that if he failed to comply, a recommendation would be made to dismiss this action. Doc. 4. The Order gave Plaintiff until November 17, 2014, to comply. *Id.* As of December 11, 2014, Plaintiff had neither complied or responded. Thus, a Report and Recommendation was entered on that date to dismiss this case without prejudice for Plaintiff's failure to prosecute and comply with court orders. *Id.*

That Report and Recommendation, doc. 5, has now been returned to the Court as undeliverable. Doc. 6. The mail return indicates that Plaintiff had been released from the Florida Department of Corrections and the Department was unable to forward. *Id.* Review of the Department of Corrections' website indicates Plaintiff was released from custody on November 13, 2014, and, thus, had opportunity to comply with the in forma pauperis Order, doc. 4, prior to his release if he desired to continue with this litigation notwithstanding his impending release from incarceration.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. Link v. Wabash R.R., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Fed. R. Civ. P. 41(b) authorizes a district court to dismiss an action for failure to obey a court order. Moon v. Newsome, 863 F.2d 835, 838 and cases cited (11th Cir.), *cert. denied*, 493 U.S. 863 (1989). Failure to pay an assessed initial partial filing fee is grounds for dismissal. Wilson v. Sargent, 313 F.3d 1315, 1318, 1322, n.7, *citing* Collier v. Tatum, 722 F.2d 653, 655-56 (11th Cir. 1983). Plaintiff did not comply with the order requiring payment of an initial partial filing fee, doc. 4, nor did he request additional time to comply. Plaintiff's complaint should be dismissed without prejudice.[1]

Plaintiff shall have a 14-day period after service of this Amended Report and Recommendation in which to file objections. This will also afford Plaintiff a final opportunity to show good cause for his failure to respond and demonstrate his desire to

---

[1] Dismissal of this action does not relieve Plaintiff of the obligation to pay the full filing fee in this case. The Court's Order granting leave to proceed *in forma pauperis*, in which Plaintiff was directed to submit the initial partial filing fee and the agency having custody of Plaintiff was instructed to forward monthly payments from Plaintiff's prison account towards the balance due of the filing fee, remains in effect.

Case No. 4:14cv541-RH/CAS

continue with this litigation. Plaintiff may do so by a motion for reconsideration which will be referred to the undersigned magistrate judge by the Clerk.

Accordingly, it is **ORDERED** that the Clerk of Court shall forward this Amended Report and Recommendation and Order to Plaintiff at the address listed on the Department of Corrections' website for Plaintiff upon his release: 6551 31st Street, North, St. Petersburg, Florida, 32702.

It is therefore, respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice**.

**IN CHAMBERS** at Tallahassee, Florida, on December 29, 2014.


s/ Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of the proposed factual findings and recommendations.

Case 4:14-cv-00541-RH-CAS   Document 7   Filed 12/29/14   Page 4 of 4